**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: July 17 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-35771 |
| | ) | |
| Mary C. Collum, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case was closed without discharge (not dismissed) on February 29, 2012, because Debtor did not file her Official Form 23, Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management. It is now before the court on Debtor's Motion to Reopen Dismissed [sic] Case and Waiver of the Fee to Reopen Said Case [Doc. # 15] ("Motion") and the Amended Motion to Reopen Dismissed [sic] Case and Waiver of the Fee to Reopen Said Case [Doc. # 18] ("Amended Motion")(collectively "the Motions"). Due to persistent and unresolved procedural problems with the Motions, the court held a hearing on them on July 11, 2012. As directed by the court in its hearing order, Attorney for Debtor, Brian M. Ramsey, ("Counsel"), appeared in person at the hearing.

For the following reasons, the court will grant the Motions to the extent they seek to reopen the case, provided, however, reopening will be conditioned upon Counsel filing an amended Certificate of Service, and upon Counsel paying the $260 filing fee still due for the Amended Motion. Both Motions will be denied to the extent that they seek refund or waiver of the filing fees. If an amended certificate of service is not filed by July 18, 2012, and the filing fee for the Amended Motion is not paid by August 13, 2012, a further

order will be entered, without further notice or opportunity for hearing, denying both the Motion and the Amended Motion in their entirety. If these actions are timely taken, the court will enter a further order granting the Motions, reopening the case and setting *nunc pro tunc* a new deadline for filing of Debtor's Official Form 23 so that she may receive a discharge.

The record in this case presents as the essence of what should be a straightforward, no asset Chapter 7 filing for a consumer debtor. Yet it has been plagued by material procedural problems from the outset. The court takes judicial notice of the records of the court[1] that show that Counsel, while he has represented this Debtor in two prior Chapter 7 bankruptcy filings in 1991 and 2002 (under the name Mary Ann Collum instead of Mary C. Collum, but with the same social security number as in this case),[2] lacks recent experience filing bankruptcy cases for individual debtors in this court. Before this Chapter 7 filing for Debtor on October 25, 2011, the court's records show that Counsel last filed an individual consumer bankruptcy case in this court on October 16, 2005. That date is significant because it immediately predates the substantial amendments to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which took effect in relevant part on October 17, 2005. Much has changed since both Debtor's 1991 and 2002 Chapter 7 filings and October 16, 2005. In addition to the massive changes in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the applicable forms arising from BAPCPA, which are implicated by the problems in this case, this court's Local Rules have been amended to address the mandatory electronic filing environment in which the court now necessarily operates. The facts relating to Counsel's experience in filing cases in this court and the other problems occurring earlier in this case are relevant in deciding the Motions because in asking to be relieved of paying the $260 filing fee for each of the Motions, which relate to a substantive requirement imposed by BAPCPA, Counsel advances problems with his electronic case filing software and Clerk's office staff

---

[1] The court takes judicial notice of the contents of its records, the case docket, Debtor's schedules and all other filings in this case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

[2] The petition and all of the documents filed by counsel in this case and electronically signed by Ms. Collum under penalties of perjury state that her name is Mary C. Collum. [Doc. #1]. Counsel in turn opened the case in the Case Management/Electronic Case Filing system under the name Mary C. Collum. The electronic filing Signature Declaration Form, which is required to be reviewed and manually signed by Debtor before the case is filed and mailed to the court to arrive within 7 days of case filing, was not signed by her until November 1, 2011, after the case was filed. [Doc. #5]; *see* Local Bankruptcy Rule 5005-4; Electronic Case Filing (ECF) Administrative Procedures Manual, Section II. B.2 at pp.6-7. On that document, she manually signed her name "Mary A. Collum," with a typed in "C" changed manually to an "A." In the Signature Declaration form both Debtor and counsel declare under penalties of perjury that the information in her petition is correct and complete, with Debtor also certifying it under penalties of perjury as true. Further, Counsel certified among other matters that "[t]he debtor(s) will have signed this form before I submit the petition, schedules, and statements..."

in trying to file the Form 23 as reasons that he should not have to pay the filing fees. The court will therefore briefly explain the history and record of this case as a predicate to deciding the Motions.

The case was filed electronically by Counsel on October 25, 2011. One of the required documents that was filed was Exhibit D, a document that was not required when Debtor filed her Chapter 7 cases in 1991 and 2002. The purpose of Exhibit D is to report compliance with Section 109(h) of the Bankruptcy Code, added by BAPCPA, requiring debtors to participate in a pre-filing budget and credit counseling briefing. On her Exhibit D, Debtor checked box 1 stating that she participated in the required briefing before she filed her case and had received the required certificate from the agency. When box 1 on Exhibit D is checked, and as indicated on the face of Exhibit D, the debtor is also required to separately file the certificate from the approved agency that conducted the briefing. 11 U.S.C. § 521(b)(1); Fed. R. Bankr. P. 1007(b)(3), (c). This is a material filing requirement because the Debtor is not eligible to be a debtor unless the requirements of § 109(h) are met and the court cannot tell whether the requirements of § 109(h) are met unless and until these documents are properly filed.

Debtor did not file the certificate of credit counseling along with her petition. The Clerk immediately entered, twice, a corrective entry on the docket indicating that the certificate was not filed and needed to be. When the certificate was still not filed on November 4, 2011, the matter was referred to the judge for a show cause order on dismissal for lack of eligibility to be a Debtor in the absence of the required filing of the certificate to evidence eligibility. A show cause order was issued requiring the certificate to be filed by November 18, 2011, absent which the case would be dismissed.[3] On November 17, 2011, Counsel electronically filed the certificate, allowing the case to proceed.

The Chapter 7 Trustee held the meeting of creditors and filed his no asset report on December 20, 2011. Thereafter, the only activities left in the case were the expiration of deadlines for discharge and dischargeability complaints and, if appropriate, entry of Debtor's Chapter 7 discharge. 11 U.S.C. § 727(a); Fed. R. Bankr. P. 4004(c). A condition of discharge added by BAPCPA is that a debtor must participate in a post-petition personal financial management course from an approved provider. *See* 11 U.S.C. § 727(a)(11). The debtor's participation must be confirmed and evidenced on the court record by filing a statement of completion of the course on Official Form 23. Fed. R. Bankr. P. 1007(b)(7); 4004(c)(1)(H). The deadline for filing the statement of completion in a Chapter 7 case is "within 60 days after the first date set for the meeting of creditors under § 341 of the Code..." Fed. R. Bankr. P. 1007(c). In this case, the first

---

[3]The text of the Clerk's docket entry is wrong. It incorrectly refers to the Signature Declaration Form as missing. The underlying order refers to the missing certificate of credit counseling.

3

date set for the meeting of creditors was December 19, 2011. Under Rule 1007(c), Debtor's Form 23 was due by February 17, 2012. When the Official Form 23 was not filed by February 3, 2012, the Clerk issued a routine notice of the upcoming deadline and the consequences for failing to file the statement. [Doc. ## 11, 12]; Fed. R. Bankr. P. 5009(b). The Notice was served on Debtor, directly by first class United States mail, postage prepaid, and on Counsel, as well as on the Chapter 7 Trustee, by e-mail. The notice stated as follows in pertinent part:

> Failure to submit such certification by this date may result in this case being closed without discharge. If the debtors(s) subsequently file(s) a Motion to Reopen the Case, to allow for the filing of a statement of completion of a course concerning personal financial management, the debtor(s) must pay the full filing fee due for filing such a motion.

[*Id.*].

The February 17, 2012, deadline passed without Counsel filing Debtor's Official Form 23. On February 29, 2012, the Clerk closed Debtor's case without discharge. [Doc. ## 13, 14]; 11 U.S.C. § 350(a). But at the hearing, Counsel reported that Debtor had completed the required course almost immediately after the case was filed back on October 25, 2011.

On May 14, 2012, Counsel filed the Motion. The filing of the Motion triggered a filing fee for reopening the case of $260, which Counsel paid as required. The Certificate of Service was insufficient and did not comply with the local rules. *See* Local Bankruptcy Rule 9013-1, 9013-3. The Clerk noted the problem on the docket immediately with a corrective entry transmitted electronically to Counsel on May 15, 2012. The corrective entry directed counsel to fix the notice problems and the certificate of service and to "[f]ile only a certificate of service and link to Doc. #15. Any and all questions should be directed to the court." This emphasis was made by the Clerk because the filing of another motion would trigger another $260 filing fee. After the first corrective entry was disregarded, the Clerk re-entered the same corrective entry on May 18, 2012. Also, Counsel had failed to submit an order to grant the relief requested with the Motion, a problem identified on the record in a filing deficiency notice separately entered on May 28, 2012, [Doc. ## 16,17].[4] Instead of filing just a proper Certificate of Service as directed by the Clerk on May 15 and May 18, Counsel filed on June 22, 2012, the Amended Motion. The certificate of service issue was still not resolved, however, because, while improved, the Certification for the Amended Motion referred to creditors listed on "the attached pages." But there are no attached pages, and there is no Exhibit A as

---

[4]The problem with no or an insufficient order persists to this day, although it is now moot because the court is not granting all of the relief sought on Debtor's behalf.

4

otherwise referred to in the Motions but which the court infers as intended to be the Official Form 23. Moreover, by filing another motion instead of just a certificate of service, another $260 filing fee due upon the filing of a motion to reopen a case was incurred. This time, Counsel did not pay the $260 fee. It remains unpaid. It was at this point that the court set the Motions for hearing to occur on July 11, 2012. [Doc. ## 19, 20]. Notice of the hearing orders was sent to all creditors and parties in interest by the court. [Doc. ## 21, 22].

The Motions ask for the same relief. They both ask to have the case reopened to allow the Official Form 23 to be filed and to have Debtor's Chapter 7 discharge entered. They also ask for waiver of the filing fees, which the court interprets as a request for refund of the $260 fee paid for filing the Motion. The grounds stated in the Motions for the relief requested are that Counsel could not make his case filing software work, that "Attorney Ramsey has not been receiving his e-mails from the Court" and that "Attorney Ramsey personally and through his secretary attempted to submit form 23 directly to the clerk and each time the clerk refused to accept said form 23." The court will separately address the relief requested.

The substantive relief requested is reopening of the case to allow for filing of the Form 23 and ultimately Debtor's Chapter 7 discharge. Section 350(b) of the Bankruptcy Code states that a case may be reopened to afford relief to a Debtor. 11 U.S.C. § 350(b). The procedure for reopening is on motion of the debtor or other party in interest. Fed. R. Bankr. P. 5010. Assuming that proper notice of at least the Amended Motion is established of record, and that any filing fees due are paid, 28 U.S.C. § 1930(b); Bankruptcy Fee Compendium III (November 2011 Edition) Part J at pp. 67-72 ("Compendium") and Bankruptcy Court Fee Chart at p.5 (both available on court website under Fees tab), the purpose of reopening in this case is to afford relief to Debtor. Moreover, Rule 1007(c) allows the court "at any time and in its discretion, [to] enlarge the time to file the statement [of completion] required by subdivision (b)(7)."

The court finds that cause has been shown for reopening this case. Debtor timely completed the required course shortly after the petition was filed and save for evidence of completion being filed of record she is entitled to another Chapter 7 discharge. The record shows that the problems that resulted in her case being closed without discharge were not of her making. The Motions will be granted to the extent they seek such relief subject to two conditions: that service be properly confirmed of record and that any fees for filing

5

the Motions determined to be due are paid.[5]

Counsel has paid the $260 filing fee for the Motion. When the Amended Motion was filed, the fee became due and was incurred. It has not been paid. The fee is a true filing fee due upon the filing of a motion to reopen. It is not a reopening fee. Rather, it is due upon filing regardless of whether the motion is granted or denied. As to the filing fee for the Motion, the court construes the Motion as requesting a refund. And while the Amended Motion seeks a waiver, the fee has already been incurred in the court's financial system and is shown as due on the records of the court even though unpaid. For the reasons set forth below, the court does not find a basis for refund or waiver of the two $260 filing fees.

The fee policies of the Judicial Conference of the United States, which this court must follow, 28 U.S.C. § 1930(a) and (b); Compendium, Part A at ¶¶ 1-4, p. 2, generally prohibit refund of the filing fees due upon filing a motion to reopen a case except where reopening is necessary either to correct an administrative error or to commence an action relating to discharge, Compendium Part A at ¶ 8, p. 14 and Part J at ¶ 1.A.(1)-(6) (Refunds Prohibited). The phrase "to correct an administrative error" as used in the Judicial Conference policy means an error by the clerk or the court itself and "does not include errors by the debtor, the debtor's attorney or the trustee." And the exemption for actions related to discharge "is inapplicable to cases closed or dismissed because the debtor failed to certify it underwent the required debtor education course."

Locally, the Judicial Conference's policy has been implemented most recently by Local Bankruptcy Rule 5080-1 Fees-General, which states as follows:

> a. *General Rule*. Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office. Refunds will not be permitted if a party files a document in error, even if the Court dismisses the case or proceeding or denies the relief requested.
> b. *Requests for Refund*. All requests for the refund of the payment of fees collected without authority or due to administrative error on the part of the clerk's office shall be by written motion. If granted, refunds will be processed through the electronic credit card system. Repeated refund requests may result in an order to show cause why further requests for refunds should be considered.

The $260 filing fee for the Motion was not collected by the Clerk without authority. The statutory authority for the fee is 28 U.S.C. § 1930(b) as implemented by the Compendium and the Bankruptcy Court

---

[5] Payment of all filing fees due is also a condition of entry of discharge. Fed. R. Bankr. P. 4004(c)(1)(G). Because case closing without discharge resulted from Counsel's actions and inactions, he must bear ultimate responsibility for payment of the filing fees. Notwithstanding Rule 1.8(e) of the Ohio Rules of Professional Conduct, Counsel must not seek reimbursement of motion filing fees from Debtor.

6

Miscellaneous Fee Schedule attached as Exhibit 2 to the Compendium. As of November 2011 the total amount of the fees due upon filing a motion to reopen a Chapter 7 case is $260 ($245 filing fee plus $15 Trustee surcharge). Compendium Exh. 2 ¶¶ 9,11. That is the amount that was imposed through the ECF system and paid by Counsel.

The bases asserted by Counsel for a refund of the $260 that he paid upon filing the Motion were that he couldn't make his filing software function, that he wasn't getting e-mails from the court and that the Clerk refused to accept form 23 when he submitted it directly. The fact the Counsel lacked tactile familiarity with the software program he chose is not an administrative error on the court's part.

The court also rejects out of hand the proposition that Counsel did not receive e-mails from the court, at least on account of any problem with the court's system. The docket receipts show otherwise. None of the Notices of Electronic Filing sent to Counsel by the court were bounced back to the court. Nor has Counsel identified from the docket any particular missed e-mail that he did not receive that prevented him at any time from timely filing the Form 23. Debtor took the required course almost immediately after Counsel filed the case on October 25, 2011. No explanation has been offered for waiting until past the last minute for filing or trying to file the Form 23. Moreover, if Counsel did not effectively navigate through his filing software program to file the Form 23 with the court, he would <u>not</u> have received a Notice of Electronic Filing e-mail from the court. The very absence of such an e-mail would be telling to a currently trained CM/ECF user. The court finds no administrative error on the court's part relating to any alleged non-receipt of e-mail that Debtor experienced.

The third reason identified by counsel-that the Clerk would not take the Form 23-was carefully addressed by the court at the hearing. Counsel states that he personally came to the Clerk's office at the courthouse with the paper Form 23. Although Counsel identified a time of day and very generally described one of the persons who works at intake, he could not identify a day or date, stating that any effort to identify a date would just be guessing on his part. Given the extreme vagueness of Counsel's account, the court is skeptical that it occurred and unclear as to how that event impacts the request to refund the filing fee since the timing of it is wholly unknown. In any event Counsel states that he was informed by a Deputy Clerk at intake that as an attorney he had to file the Form 23 electronically. The court finds that an acceptable response and application of the court's rules of procedure. Under Rule 5005(a)(2) of the Federal Rules of Bankruptcy Procedure as implemented by Local Bankruptcy Rule 5005-4, attorneys in this district are required to obtain a login and file all documents electronically through the court's Case Management/Electronic Case Filing system. The practices and procedures governing electronic filing in

7

this district are set forth in the court's Electronic Case Filing (ECF) Administrative Procedures Manual ("Manual"), which is incorporated in by reference in Local Rule 5005-4 and also readily available through a separate link on the court's website under the Electronic Case Filing tab.

The Manual, versions of which have been in effect since 2002, requires attorneys to file all documents with the court electronically, with certain stated exceptions that do not apply here. Manual, Section II.A.1. and 2. at p. 5. But there is also a routine procedure available in the Manual for attorneys to file documents on paper, as follows:

> Any attorney wishing to file a new petition or other document on paper, under circumstances that are not governed by one of the stated exceptions, shall initially file a motion for leave to file on paper. The motion may be filed either on paper or electronically. The petition or other document for which the attorney is requesting leave to file on paper may be submitted with the motion.

Manual, Section II.A.2 at p. 5. There is no indication that Counsel followed this procedure to file the Form 23 manually. Thus the court finds no administrative error by the court in any declination of a paper Form 23 by the Clerk as described by Counsel. The court finds no permitted basis upon which to order the Clerk to refund the $260 filing fee paid by counsel in connection with the Motion.

The situation with the $260 filing fee for the Amended Motion is factually slightly different. When Debtor filed the Amended Motion, the $260 fee prompt came up in the CM/ECF system. As explained above, that is the authorized total fee amount for filing a motion to reopen a Chapter 7 case. Counsel had the option in the system of zeroing that amount out and seeking waiver. That was not done, however, and the fee was incurred. Unlike the fee for the Motion, however, the $260 fee for the Amended Motion has not been paid by Counsel.

While counsel asks for waiver of the fee, it having already been incurred as a debt owed to the court when the Amended Motion was filed, the court finds that a reasonable construction of the facts is that Counsel is effectively seeking a refund of this fee. The fee is now due to the court. Logistically, the proper response is to pay it and then seek a refund as in the income tax arena.[6] But that process would now elevate form over substance and make little sense given the proceedings that have now occurred. As a request for a refund, the same authorities set forth above apply and the same result obtains.

To the extent Counsel's request for fee relief for the Amended Motion is not properly

---

[6] The Court of Appeals for the Ninth Circuit held that bankruptcy courts lack authority to waive prepayment of filing fees. *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992). This decision predates the amendments to 28 U.S.C. § 1930 under BAPCPA adding subpart (f) to allow waiver on the basis of IFP status.

8

characterized as a request for a refund and is properly characterized as a request for waiver, the Judicial Conference policy is less clear than the direct prohibition on fee refunds. BAPCPA added subpart (f) to 28 U.S.C. § 1930, as explained below, which allows and defines waiver for IFP status and permits waiver "in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors," 28 U.S.C. § 1930(f)(3). Judicial Conference policy on filing and other fees is set forth in the Compendium.

There is one reference to allowing the court "to waive the reopening fee if the case is being reopened to correct an administrative error," which "does not include errors by the debtor, the debtor's attorney or the trustee." Compendium, Part J, ¶ 1.A.(2). There is an exception to the fee for filing a motion to reopen a case if the purpose is to file an action related to the debtor's discharge, but "[t]his exemption is inapplicable to cases closed or dismissed in which the court declined to enter a discharge because the debtor failed to certify it underwent the required debtor education course." *Id.* at ¶ 1.A.(3). And while the Compendium states that "Waivers Must be Authorized", Compendium, Part K, ¶ 3 at p. 72-73, it also notes in the same paragraph that "the authority to waive fees for other debtors and creditors is ambiguous" but must be in accordance with Judicial Conference Policy otherwise, *Id.* Furthermore, "a court has no authority to adopt a local standing order, rule or procedure independently deferring or waiving any item in the fee schedule." *Id.* at ¶ 4. The Bankruptcy Court Miscellaneous Fee Schedule states that "the court may waive this fee [ for filing motion to reopen] under appropriate circumstances." Compendium, Exh. 2, ¶ 11 at p. 92. Another place in the Compendium governing miscellaneous administrative fees for filing schedule amendments allows "the judge 'for good cause [to] [sic] waive the charge in any case.' This provision requires an individual finding in each case." Compendium, Part K, ¶ 5. D.(5).

Lastly, effective October 17, 2005, BAPCPA changed prior law to allow bankruptcy courts to waive the case filing fee, including on case reopening, if a debtor qualifies for *in forma pauperis* ("IFP") status under 28 U.S.C. § 1930(f) and an application completed on the appropriate Official Form is filed and granted. *See* Fed. R. Bankr. P. 1006(c). The minimum qualification for IFP status is that a debtor has income of less than 150% of the income official poverty line as defined by the Office of Management and Budget for a household of the debtor's size. 28 U.S.C. § 1930(f). Under Judicial Conference policy, "[t]he court, if it waives the original filing fee, may waive all the other bankruptcy court fees for that chapter 7 individual debtor." 28 U.S.C. § 1930(f)(2).

The court concludes from the statute and statements of Judicial Conference policy that there are three possible grounds for waiver of the filing fee due upon filing the Amended Motion to reopen this

9

Chapter 7 case. They are (1) if the case was closed due to administrative error by the court; (2) if Debtor qualifies for IFP status; or (3) good cause, with the third ground being a generous reading of ambiguous policy statements in the Compendium. The court will conclude by addressing these three grounds with respect to the Amended Motion filing fee.

As the court has explained , it does not find any administrative error by the court in closing the case without discharge due to the absence of a timely filed Official Form 23.

Moreover, Debtor is not eligible for IFP status. For a household of 1 in 2012, 150% of the income official poverty line as defined by the Office of Management and Budget for a household of Debtor's size (1) is $1,396.25 on a monthly basis. This compares to Debtor's monthly income of $1,723.00 as shown on her Schedule I. [Doc. # 1, p.22/46]. The exception for IFP status also does not apply.

As good cause, Counsel argues with passion and some discouragement that he tried hard to accomplish and did not disregard the Official Form 23 filing obligation, and that making him pay two filing fees totaling $520 is unfair and unjust in the extreme, amounting to paying twice for the same action. While the court does not disagree with the characterization that Counsel will be charged twice for seeking the same relief, the court nevertheless cannot find good cause for disregarding and waiving the second $260 filing fee that has not yet been paid. The fee was incurred as a result of Counsel's lack of experience and familiarity with BAPCPA substantive and procedural requirements, the court's local rules of procedure and the current ECF filing system and requirements, as well as disregard of a clear direction from the Clerk appearing twice on the docket and transmitted to Counsel. There were many opportunities to avoid the problems that happened.

Debtor took the course right after the case was filed in October 2011. Yet the Form 23 never got timely filed, and the court infers that the frantic and frustrated efforts to do so described by Counsel were either at the last minute or after the case was already closed, an untimely response under any circumstance that the court attributes to lack of familiarity with BAPCPA and the deadlines and procedures thereunder. The court so infers because problems with BAPCPA filing requirements and procedures that Debtor and counsel did not face with her 1991 and 2002 Chapter 7 filings bookended the case, and this was Counsel's first Chapter 7 Debtor filing in this court under BAPCPA. Second, notwithstanding Counsel's lack of experience with BAPCPA and of recent experience with ECF in this court, Counsel did not avail himself and staff of free technical training before embarking on this case. Third, after the case was closed, the first Motion was deficient and non-compliant with the Local Rules. Fourth, the Clerk gave clear and explicit directions on the docket as to what needed to be filed to correct the procedural deficiency--*a certificate of*

10

*service only*--to avoid precisely what has occurred here. That direction was disregarded. Fifth, when Counsel encountered problems filing the Form 23, whenever those problems occurred, there was no request to the court for an extension of time to file the Form 23, even when notice was given that the deadline was impending and what the exact consequences that occurred would be if the form was not filed. Sixth, when Counsel encountered problems filing the Form 23, there was no request for leave to file the form on paper. Given that all of the problems that have occurred and the fees charged were reasonably avoidable by Counsel, the court cannot find good cause for waiving the filing fee for the Amended Motion should Judicial Conference Policy even permit waiver on that basis.

In summary, while Counsel's problems present a basis for reopening the case under 11 U.S.C. § 350 to afford relief to Debtor–namely the filing of her Form 23 and her Chapter 7 discharge-- no basis has been shown for refund or waiver of the filing fees for either the Motion or the Amended Motion. However, the problem with the certificate of service still must be corrected and the filing fee for the Amended Motion must still be paid. Therefore, based on the foregoing, and as otherwise stated by the court on the record at the hearing on July 11, 2012,

**IT IS ORDERED** that Debtor's Motion to Waive Filing Fee to Re-open Case [Doc. # 15], as amended [Doc. #18], be, and hereby is, **CONDITIONALLY GRANTED in part and DENIED in part;** and

**IT IS FURTHER ORDERED** that this case will be deemed reopened, and a further order reopening the case and extending the deadline for filing Debtor's Official Form 23 *nunc pro tunc* will be entered without further notice or opportunity for hearing, conditioned upon Counsel properly accomplishing both of the following actions:

(1) **On or before July 18, 2012**, an Amended Certificate of Service, only, must be filed in ECF using the filing code for a Support Document linked to Doc. #18, with the list of creditors served actually attached to the filing.

(2) **On or before August 13, 2012**, total filing fees of $260.00 must be paid by Counsel, without reimbursement from Debtor, for the Amended Motion to Reopen Dismissed Case and Waiver of the Fee to Reopen Said Case [Doc. # 18]; and

**IT IS FURTHER ORDERED** that if the actions in the foregoing paragraph are not timely and properly accomplished, both the Motion to Reopen Dismissed Case and Waiver of the Fee to Reopen Said Case [Doc. # 15] and Amended Motion to Reopen Dismissed Case and Waiver of the Fee to Reopen Said Case [Doc. # 18] will be **DENIED in toto** by further order of the court without further notice or opportunity

for hearing; and

**IT IS FURTHER ORDERED** that the Motion to Reopen Dismissed Case and Waiver of the Fee to Reopen Said Case [Doc. # 15] and Amended Motion to Reopen Dismissed Case and Waiver of the Fee to Reopen Said Case [Doc. # 18] are both **DENIED** to the extent that they refund or waiver of the $260.00 fee due upon the filing of each Motion.

###